UNITED STATES v. The BONITA. See Cases Nos. 15,793 and 15,794.

## Case No. 14,625.

### UNITED STATES v. BORDEN et al.

[1 Spr. 374; 1 21 Law Rep. 100.]

District Court, D. Massachusetts. Sept., 1857.

SEAMEN—INDICTMENT FOR REVOLT—INTIMIDATION—COMBINATION—REASONABLE MEASURES FOR PROTECTION—MASTER'S AUTHORITY.

1. A master is prevented in the free and lawful exercise of his authority, within the meaning of the act of 1835. c. 40 [4 Stat. 775], defining the crime of revolt, if he be prevented from carrying into effect any one lawful command; and a command to continue the business of whaling is prima facie lawful.

2. A combination to refuse to pursue such business is not, of itself, the intimidation required as an element to constitute the crime, but it may be the means of intimidation.

3. Such combination and intimidation may be lawful. If, from the improper conduct of the captain, the crew have good reason to believe, and do believe, that they will be subjected to unlawful and cruel or oppressive treatment, or that a great wrong is about to be inflicted on one of their number, they have a right to take reasonable measures for his, or their own protection.

4. What would be reasonable measures must depend upon the nature and extent of the wrong, and upon the means of prevention, having regard to the importance of preserving the authority of the master, as well as to the importance of protecting the crew.

This was an indictment against twelve of the crew of the whaling ship Huntress.

C. L. Woodbury, U. S. Dist. Atty.

J. H. Prince, for defendants.

SPRAGUE District Judge (charging jury). This indictment charges the prisoners at the bar. who were of the crew of the whaling ship Huntress, with having made a revolt.

1 [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

The crime of making a revolt, or mutiny, is defined by the statute of 1835, c. 40, § 1, as follows: "That if any one or more of the crew of any American ship or vessel on the high seas, or on any other waters, within the admiralty and maritime jurisdiction of the United States, shall unlawfully, wilfully, and with force, or by fraud, threats, or other intimidations, usurp the command of such ship or vessel from the master, or other lawful commanding officer thereof, or deprive him of his authority and command on board thereof, or resist or prevent him in the free and lawful exercise thereof, or transfer such authority and command to any other person not lawfully entitled thereto, every such person so offending, his aiders or abettors, shall be deemed guilty of a revolt, or mutiny, and felony."

In this definition, besides the requirement that the ship should be American, and the prisoners should be of her crew, there are four other elements in the offence—1st. That a certain end must have been accomplished. 2d. That this must have been done by certain means. 3d. That it must have been done unlawfully, and 4th. Wilfully.

The end accomplished, must be either the having usurped the command of the vessel from the lawful commanding officer, or the having deprived him of his authority and command on board thereof, or resisted, or prevented him in the free and lawful exercise of such authority and command, or the having transferred such authority and command to any other person, not lawfully entitled thereto.

The means by which the end is accomplished must be either force or fraud, or threats, or other intimidations.

In this indictment the charge is, that the prisoners at the bar did prevent the master in the free and lawful exercise of his authority and command, by intimidations. The master is prevented in the free and lawful exercise of his authority, within the meaning of the statute. if he be prevented from carrying into effect any one lawful command. A command to continue the business of whaling is prima facie a lawful command. and if the prisoners at the bar, by their united refusal to obey such command. prevented the master from carrying on that business, they prevented him in the free and lawful exercise of his authority. unless there be some legal justification for such refusal. If this was done, was it by the means alleged in the indictment, that is, intimidation, or in other words. operating upon the fears of the master?

It appears by the evidence, that there was a combination by the prisoners to refuse to pursue the business of whaling. unless the master would comply with a certain request or demand. It is contended, in behalf of the government, that such combination is. of itself, the intimidation required by the statute; but that is not correct. The combination may never be made known to the captain, or if made known to him, it may be in such manner, and under such circumstances, that it could not operate upon his fears. A combination, therefore, is not, of itself, intimidation, but may be the means of intimidating. And it, by the array of numbers and union, the fears of the master are excited, and through such fear he is prevented in the free and lawful exercise of his authority, there is intimidation within the meaning of the statute. If the jury find that the master was prevented in the free and lawful exercise of his authority, by intimidations, the next inquiry is, whether it was done by the prisoners wilfully, that is, whether they accomplished that end by that means, knowingly and intentionally. If this also should be found against the prisoners, the next inquiry would be, whether. in doing this, the prisoners acted unlawfully; for there are cases in which it may be lawful for the crew to prevent the master in the free exercise of his authority, or even to deprive him of it altogether. This is implied by the statute itself. It is not the wilfully depriving the master of his authority, even by threats or intimidations, that is made a crime, but the doing so unlawfully; and if this indictment had alleged all those acts. without alleging that they were done unlawfully, it would have described no offence. It is insisted, in behalf of the prisoners in the present case, that they had a right to refuse further to continue the business of whaling, and to prevent by intimidation the master from exercising his authority, to compel them to carry on that business; it becomes, therefore. a most material inquiry, whether their conduct was lawful. I shall not undertake to state all the cases in which such conduct may be lawful, but confine myself to instructing you upon the questions raised by the evidence in the present case.

If, from the improper conduct of the captain. the men had good reason to believe, and did believe, that they should be subjected to unlawful and cruel or oppressive treatment. they had a right to take reasonable measures to protect themselves from such treatment.

If, from the improper conduct of the captain. the men had good reason to believe, and did believe, that a great wrong was about to be inflicted upon one of the crew. they had a right to take reasonable measures to protect him therefrom.

What would be reasonable measures, must depend upon the nature and extent of the wrong. and upon the means of prevention, having regard to the importance of preserving the authority of the master. as well as to the importance of protecting the crew. (The judge then proceeded to remark upon the evidence, in connection with the rules of law.)

See U. S. v. Lunt [Case No. 15,643]: The Moslem [Id. 9,875]: The Mary Ann [Id.. 9,194]: U. S. v. Givings [Id. 15,212]; U. S. v. Thompson [Id. 16,492].